Joel MENDEZ–MORALES, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 06–71668.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Nov. 28, 2007.

David W. Cowles, Esq., Lewis & Roca, LLP, Phoenix, AZ, for Petitioner.

Joel Mendez–Morales, Florence, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, David V. Bernal, Attorney, James E. Grimes, Esq., Daniel G. Lonergan, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ and WARDLAW, Circuit Judges, and MILLS **, District Judge.

## MEMORANDUM ***

Joel Mendez–Morales, a native and citizen of Mexico who escaped a Mexican prison and fled to the United States, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his application for deferral of removal under the Convention Against Torture ("CAT"). Mendez–Morales testified that he had been tortured to extract a confession to a charge of attempted murder and that prison officials continued to torture him while he remained imprisoned.

We have jurisdiction to hear Mendez–Morales's petition. Because Mendez–Morales committed the predicate felony in Mexico, before his entry into the United States, the jurisdiction-stripping provision contained in 8 U.S.C. § 1252(a)(2)(C) does not apply. Section 1252(a)(2)(C) deprives us of jurisdiction where an "alien ... is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). It is uncontested that the aggravated felony at issue occurred before Mendez–Morales's admission to the United States.

We review the BIA's determination that an applicant has not demonstrated eligibility for relief under CAT for "substantial evidence." *Zhou v. Gonzales*, 437 F.3d 860, 871 (9th Cir.2006). The BIA found that Mendez–Morales was not a credible witness. An adverse credibility determination must be based on "specific, cogent reasons" found in the record. *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006). The REAL ID Act of 2005 ("the REAL ID Act") describes the bases upon which the BIA may make an adverse credibility determination in applications for relief, such as Mendez–Morales's, filed after May 11, 2005. 8 U.S.C. § 1158(b)(1)(B)(iii). The REAL ID Act, however, did not alter the substantial evidence standard of review.

Here, the BIA correctly affirmed the IJ's adverse credibility determination, which was based upon specific and cogent reasons satisfying our precedent. As the BIA noted, the IJ had properly based the adverse credibility finding on Mendez–Morales's shifting testimony as to whether he appeared before a judge to complain of his torture. At his credible fear interview, Mendez–Morales told immigration officials that "the judge asked me if I wanted to confront the people who [hit me] and I said yes but they never gave me the chance to confront them." Before the IJ, however, Mendez–Morales testified that he "never even appeared before a judge." This contradiction creates a "legitimate articulable basis to question the petitioner's credibility." *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003).

Without credible testimony, Mendez–Morales did not meet his burden of

---

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

proof to establish that he "more likely than not" would be tortured if removed to Mexico. 8 C.F.R. § 208.16(c)(2). The BIA properly denied his CAT claim.

**PETITION FOR REVIEW DENIED.**